**FILED**

FEB 2 0 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DONGXIAO YUE,

        Plaintiff,

    v.

CHUN-HUI MIAO,

        Defendant.

Case No.  18-cv-01074-DMR

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES**

IT IS HEREBY ORDERED that this action is assigned to the Honorable Donna M. Ryu. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order, the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Plaintiffs or removing parties must file a consent or declination to proceed before a magistrate judge within 14 days of the filing of the complaint or the removal. All other parties must file a consent or declination within 14 days of appearing in the case. All parties who have made an appearance must file a consent or declination within 7 days of the filing of a dispositive motion or the case will be reassigned to a district court judge. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at http://www.cand.uscourts.gov/adr. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

IT IS FURTHER ORDERED that plaintiff or removing defendant serve upon all

United States District Court
Northern District of California

1 | parties the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern

2 | District Of California", additional copies of which can be downloaded from the court's Internet

3 | website: http://www.cand.uscourts.gov.

| CASE SCHEDULE – ADR MULTI-OPTION PROGRAM | | |
|---|---|---|
| Date | Event | Governing Rule |
| 2/20/2018 | Notice of Removal Filed | |
| 5/9/2018 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at http://www.cand.uscourts.gov) | Civil L.R . 16-8(b) & ADR L.R. 3-5(b) |
| | • file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference http://www.adr.cand.uscourts.gov<br><br>(form available at http://www.cand.uscourts.gov) | Civil L.R . 16-8(c) & ADR L.R. 3-5(b) |
| 5/23/2018 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per Standing Order re Contents of Joint Case Management Statement<br><br>(also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1) Civil L.R . 16-9 |
| 5/30/2018 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) at 1:30 PM in:<br><br>Courtroom 4, 3rd Floor Ronald Dellums Federal Building 1301 Clay Street Oakland, CA 94612 | Civil L.R . 16-10 |

* If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

United States District Court
Northern District of California

2

## STANDING ORDER FOR ALL JUDGES
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

All judges of the Northern District of California require identical information in Joint Case
Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the
following information in their statement which, except in unusually complex cases, should not exceed
ten pages:

1.  Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's
    claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction
    or venue, whether any parties remain to be served, and, if any parties remain to be served, a
    proposed deadline for service.

2.  Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.  Legal Issues: A brief statement, without extended legal argument, of the disputed points of law,
    including reference to specific statutes and decisions.

4.  Motions: All prior and pending motions, their current status, and any anticipated motions.

5.  Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be
    added or dismissed and a proposed deadline for amending the pleadings.

6.  Evidence Preservation: A brief report certifying that the parties have reviewed the Guidelines
    Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and
    confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding
    reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably
    evident in this action. *See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

7.  Disclosures: Whether there has been full and timely compliance with the initial disclosure
    requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.

8.  Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed
    limitations or modifications of the discovery rules, a brief report on whether the parties have
    considered entering into a stipulated e-discovery order,   a proposed discovery plan pursuant to
    Fed. R. Civ. P. 26(f), and any identified discovery disputes.

9.  Class Actions: If a class action, a proposal for how and when the class will be certified.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or
    before another court or administrative body.

11. Relief: All relief sought through complaint or counterclaim, including the amount of any
    damages sought and a description of the bases on which damages are calculated. In addition,

any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. Consent to Magistrate Judge For All Purposes: Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. ___ Yes ___ No

14. Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. Expedited Trial Procedure: Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.

17. Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. Professional Conduct: Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

## STANDING ORDER FOR
## MAGISTRATE JUDGE DONNA M. RYU
(Revised January 11, 2016)

Parties shall comply with the procedures in the Federal Rules of Civil or Criminal Procedure, the Northern District of California's Local Rules and General Orders, and this standing order, all of which are available at http://www.cand.uscourts.gov. Failure to comply may result in monetary sanctions, dismissal, entry of judgment, or other appropriate sanctions.

### CALENDAR DATES AND SCHEDULING

1.      Civil and criminal motions normally are heard on the second and fourth Thursdays of the month at 11:00 a.m.  Criminal motions may also be heard directly following the criminal calendar, when Judge Ryu is on criminal calendar duty.  Civil case management conferences are heard on the first and third Wednesdays of the month at 1:30 p.m.

2.      Parties should notice motions (other than discovery motions) pursuant to the local rules.  Parties need not reserve a hearing date, but should confirm availability at http://www.cand.uscourts.gov by consulting Judge Ryu's calendar and scheduling notes.  The court may reset hearing dates as the court's calendar requires.  Parties seeking to enlarge a filing deadline by filing a motion for administrative relief pursuant to Civil Local Rule 7-11 should file the motion in advance of the filing deadline, rather than on the day a filing is due.  Parties are advised that requests which, in effect, do not allow the court two weeks from the filing of the last brief until the scheduled hearing date are routinely denied.

3.      For scheduling questions, please call Judge Ryu's courtroom deputy, Ivy Garcia, at (510) 637-3639.

### CONSENT CASES

4.      In civil cases that are randomly assigned to Judge Ryu for all purposes, each party should file a written consent to the assignment of a United States Magistrate Judge for all purposes, or written declination of consent, as soon as possible.  If a party files a dispositive motion (such as a motion to dismiss or a motion for remand), the moving party must file the consent or declination simultaneously with the motion.  In no event shall the consent or declination be filed later than the deadlines specified in Civil L.R. 73-1(a)(1) and (2).

### CHAMBERS COPIES AND PROPOSED ORDERS

5.      Pursuant to Civil L.R. 5-1(e)(7) and 5-2(b), parties must lodge an extra paper copy of certain filings and mark it as a copy for "**DMR Chambers**."  All chambers copies should be double-sided (when possible), three-hole punched along the left side of the page, and should bear the ECF filing "stamp" (case number, docket number, date, and ECF page number) along the top of the page.  All exhibits shall be clearly delineated with labels along the right side.  If the filing includes exhibits over two inches thick, the parties shall place the chambers copy in a binder.

1

6.      Any stipulation or proposed order submitted by an e-filing party shall be submitted by email to dmrpo@cand.uscourts.gov as a word processing attachment on the same day the document is e-filed. This address should only be used for this stated purpose unless otherwise directed by the court.

## CIVIL CASE MANAGEMENT

7.      No later than seven days before the initial case management or status conference, the parties shall file a Joint Case Management Statement in full compliance with the Court's Standing Order for All Judges of the Northern District of California governing "Contents of Joint Case Management Statement," available on the Court's website.

8.      Parties may not continue a case management conference without court approval.  Each party shall be represented in person at the Case Management Conference by counsel (or a party if in pro se), who shall be (1) prepared to address all of the matters referred to in the Northern District of California's standing order on Joint Case Management Statements; and (2) have full authority to enter stipulations and make admissions pursuant to that order.  Permission for a party to attend by telephone may be granted, in the court's discretion, upon written request made with reasonable advance notice if the court determines that good cause exists to excuse personal attendance, and that personal attendance is not needed in order to have an effective conference.  The facts establishing good cause must be set forth in the request.

9.      All hearings and case management conferences are audio recorded.  They are not reported by a court reporter.  Parties may request a copy of the audio recording or transcription by following the procedures set forth at http://cand.uscourts.gov/transcripts.

10.     ECF Filings: All exhibits to motions and/or discovery disputes should be separately filed on ECF (For example, if the motion is Docket No. 30, and the declaration with 10 exhibits is Docket No. 31, Exhibit A would be filed as Docket No. 31-1, Exhibit B would be Docket No. 31-2, and so on).  **All exhibits shall also be filed in a searchable OCR format where possible.**

11.     Motions to File Under Seal: Parties are reminded that court proceedings are presumptively public, and no document shall be filed under seal without request for a court order that is narrowly tailored to cover only the document, the particular portion of the document, or category of documents for which good cause exists for filing under seal.  If a party wishes to file a document under seal, that party shall first file an administrative motion to seal in accordance with Local Rule 79-5.

The parties need not file paper copies of the administrative motion to seal with the clerk's office.  The parties only need to submit chambers copies of the administrative motion to seal and related filings. Chambers copies should include all material — both redacted and unredacted — so that the chambers staff does not have to re-assemble the whole brief or declaration, although chambers copies should clearly delineate which portions are confidential (via highlighting).  Chambers copies with confidential materials will be handled like all other chambers copies of materials without special restriction, and will typically be recycled, not shredded.  If the parties wish to dispose of documents filed under seal in some other way, they must expressly indicate as much in their sealing motion and make arrangements to pick up the documents upon disposition of the motion.

2

## CIVIL DISCOVERY

12.     In order to respond to discovery disputes in a flexible, cost-effective and efficient manner, the court uses the following procedure. The parties shall not file formal discovery motions. Instead, as required by the federal and local rules, the parties shall first meet and confer to try to resolve their disagreements. The meet and confer session must **be in person or by telephone**, and may not be conducted by letter, e-mail, or fax. If disagreements remain, the parties shall file a joint letter **no later than five business days** after the meet and confer session, unless otherwise directed by the court. **Lead trial counsel for both parties must sign the letter**, which shall include an attestation that the parties met and conferred in person or by telephone regarding all issues prior to filing the letter. **The letter must also include a paragraph listing relevant case management deadlines**, including (1) the fact and expert discovery cut-off dates; (2) the last day to hear or file dispositive motions; (3) claim construction or class certification briefing deadlines and hearing dates; and (4) pretrial conference and trial dates. **Going issue-by-issue**, the joint letter shall describe each unresolved issue, summarize each party's position with appropriate legal authority, and **provide each party's final proposed compromise** before moving to the next issue. The joint letter shall not exceed **five** pages (12-point font or greater; margins no less than one inch) without leave of court. **Parties are expected to plan for and cooperate in preparing the joint letter so that each side has adequate time to address the arguments.** In the rare instance that a joint letter is not possible, each side may submit a letter not to exceed **two** pages, which shall include an explanation of why a joint letter was not possible. The parties shall submit one exhibit that sets forth each disputed discovery request in full, followed immediately by the objections and/or responses thereto. No other information shall be included in the exhibit. No other exhibits shall be submitted without prior court approval. The court will review the submission(s) and determine whether formal briefing or proceedings are necessary. **Discovery letter briefs must be e-filed under the Civil Events category of Motions and Related Filings > Motions - General > "Discovery Letter Brief".**

13.     The court has found that it is often efficient and beneficial for counsel to appear in person at discovery hearings. This provides the opportunity to engage counsel, where appropriate, in resolving aspects of the discovery dispute while remaining available to rule on disputes that counsel are not able to resolve themselves. **For this reason, the court expects counsel to appear in person.** Permission to attend by telephone may be granted upon advance written request if the court determines that good cause exists to excuse personal attendance, and that personal attendance is not needed in order to have an effective discovery hearing. The facts establishing good cause must be set forth in the request.

14.     If parties believe a **protective order** is necessary, they shall, where practicable, use one of the model stipulated protective orders (available athttp://cand.uscourts.gov/model-protective-orders). Parties shall file one of the following with their proposed protective order: (a) a declaration stating that the proposed order is identical to one of the model orders except for the addition of case-identifying information or the elimination of language denoted as optional; (b) a declaration explaining each modification to the model order, along with a redline version comparing the proposed protective order with the model order; or (c) a declaration explaining why use of one of the model orders is not practicable.

15.     If a party withholds responsive information by claiming that it is privileged or otherwise protected from discovery, that party shall produce a **privilege log** as quickly as possible, **but no later than**

3

**fourteen days after its disclosures or discovery responses are due**, unless the parties stipulate to or the Court sets another date. Privilege logs must be sufficiently detailed for the opposing party to assess whether the assertion of privilege is justified. Unless the parties agree to alternative logging methods, the log should include: (a) the title and description of the document, including number of pages or Bates-number range; (b) the subject matter addressed in the document; (c) the identity and position of its author(s); (d) the identity and position of all addressees and recipients; (e) the date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s); and (f) the specific basis for the claim that the document is privileged or protected.

Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Failure to timely furnish a privilege log may be deemed a waiver of the privilege or protection.

### SUMMARY JUDGMENT

16.    In most summary judgment motions, the parties should be able to agree on certain undisputed facts. The court encourages the parties to file a joint statement of undisputed facts whenever feasible.

### SELF REPRESENTED (PRO SE) PARTIES

17.    Parties representing themselves should visit the Quick Link titled "If You Don't Have a Lawyer" on the Court's homepage, http://cand.uscourts.gov/proselitigants. The link discusses the Court's "Legal Help Center" for unrepresented parties, and provides addresses and contact information for the three branches, which are located in the San Francisco, Oakland and San Jose courthouses.

### LAWYER DEVELOPMENT

18.    The court strongly encourages parties to contribute to the development of the bar by permitting less experienced lawyers to argue motions, have a significant participatory role in settlement conferences, and examine witnesses at trial.

IT IS SO ORDERED.

DONNA M. RYU
United States Magistrate Judge

4

## STANDING ORDER FOR
## MAGISTRATE JUDGE DONNA M. RYU
(Revised June 22, 2017)

Parties shall comply with the procedures in the Federal Rules of Civil or Criminal Procedure, the Northern District of California's Local Rules and General Orders, and this standing order, all of which are available at http://www.cand.uscourts.gov. Failure to comply may result in monetary sanctions, dismissal, entry of judgment, or other appropriate sanctions.

### CALENDAR DATES AND SCHEDULING

1.      Civil and criminal motions normally are heard on the second and fourth Thursdays of the month at 11:00 a.m. Criminal motions may also be heard directly following the criminal calendar, when Judge Ryu is on criminal calendar duty. Civil case management conferences are heard on the first, third, and fifth Wednesdays of the month at 1:30 p.m.

2.      Parties should notice motions (other than discovery motions) pursuant to the local rules. Parties need not reserve a hearing date, but should confirm availability at http://www.cand.uscourts.gov by consulting Judge Ryu's calendar and scheduling notes. The court may reset hearing dates as the court's calendar requires. Parties seeking to enlarge a filing deadline by filing a motion for administrative relief pursuant to Civil Local Rule 7-11 should file the motion in advance of the filing deadline, rather than on the day a filing is due. Parties are advised that requests which, in effect, do not allow the court two weeks from the filing of the last brief until the scheduled hearing date are routinely denied.

3.      For scheduling questions, please call Judge Ryu's courtroom deputy, Ivy Garcia, at (510) 637-3639.

### CONSENT CASES

4.      In civil cases that are randomly assigned to Judge Ryu for all purposes, each party should file a written consent to the assignment of a United States Magistrate Judge for all purposes, or written declination of consent, as soon as possible. If a party files a dispositive motion (such as a motion to dismiss or a motion for remand), the moving party must file the consent or declination simultaneously with the motion. In no event shall the consent or declination be filed later than the deadlines specified in Civil L.R. 73-1(a)(1) and (2).

### CHAMBERS COPIES AND PROPOSED ORDERS

5.      Pursuant to Civil L.R. 5-1(e)(7) and 5-2(b), parties must lodge an extra paper copy of certain filings and mark it as a copy for "**DMR Chambers**." All chambers copies should be double-sided (when possible), three-hole punched along the left side of the page, and should bear the ECF filing "stamp" (case number, docket number, date, and ECF page number) along the top of the page. All exhibits shall be clearly delineated with labels along the right side. If the filing includes exhibits over two inches thick, the parties shall place the chambers copy in a binder.

1

6.      Any stipulation or proposed order submitted by an e-filing party shall be submitted by email to dmrpo@cand.uscourts.gov as a word processing attachment on the same day the document is e-filed. This address should only be used for this stated purpose unless otherwise directed by the court.

## CIVIL CASE MANAGEMENT

7.      No later than seven days before the initial case management or status conference, the parties shall file a Joint Case Management Statement in full compliance with the Court's Standing Order for All Judges of the Northern District of California governing "Contents of Joint Case Management Statement," available on the Court's website.

8.      Parties may not continue a case management conference without court approval.  Each party shall be represented in person at the Case Management Conference by counsel (or a party if in pro se), who shall be (1) prepared to address all of the matters referred to in the Northern District of California's standing order on Joint Case Management Statements; and (2) have full authority to enter stipulations and make admissions pursuant to that order.  Permission for a party to attend by telephone may be granted, in the court's discretion, upon written request made with reasonable advance notice if the court determines that good cause exists to excuse personal attendance, and that personal attendance is not needed in order to have an effective conference.  The facts establishing good cause must be set forth in the request.

9.      All hearings and case management conferences are audio recorded.  They are not reported by a court reporter.  Parties may request a copy of the audio recording or transcription by following the procedures set forth at http://cand.uscourts.gov/transcripts.

10.     ECF Filings: All exhibits to motions and/or discovery disputes should be separately filed on ECF (For example, if the motion is Docket No. 30, and the declaration with 10 exhibits is Docket No. 31, Exhibit A would be filed as Docket No. 31-1, Exhibit B would be Docket No. 31-2, and so on). **All exhibits shall also be filed in a searchable OCR format where possible.**

11.     Motions to File Under Seal: Parties are reminded that court proceedings are presumptively public, and no document shall be filed under seal without request for a court order that is narrowly tailored to cover only the document, the particular portion of the document, or category of documents for which good cause exists for filing under seal.  If a party wishes to file a document under seal, that party shall first file an administrative motion to seal in accordance with Local Rule 79-5.

The parties need not file paper copies of the administrative motion to seal with the clerk's office.  The parties only need to submit chambers copies of the administrative motion to seal and related filings. Chambers copies should include all material — both redacted and unredacted — so that the chambers staff does not have to re-assemble the whole brief or declaration, although chambers copies should clearly delineate which portions are confidential (via highlighting).  Chambers copies with confidential materials will be handled like all other chambers copies of materials without special restriction, and will typically be recycled, not shredded.  If the parties wish to dispose of documents filed under seal in some other way, they must expressly indicate as much in their sealing motion and make arrangements to pick up the documents upon disposition of the motion.

**CIVIL DISCOVERY**

12.     In order to respond to discovery disputes in a flexible, cost-effective and efficient manner, the court uses the following procedure. The parties shall not file formal discovery motions. Instead, as required by the federal and local rules, the parties shall first meet and confer to try to resolve their disagreements. The meet and confer session must **be in person or by telephone**, and may not be conducted by letter, e-mail, or fax. If disagreements remain, the parties shall file a joint letter **no later than five business days** after the meet and confer session, unless otherwise directed by the court. **Lead trial counsel for both parties must sign the letter**, which shall include an attestation that the parties met and conferred in person or by telephone regarding all issues prior to filing the letter. **The letter must also include a paragraph listing relevant case management deadlines**, including (1) the fact and expert discovery cut-off dates; (2) the last day to hear or file dispositive motions; (3) claim construction or class certification briefing deadlines and hearing dates; and (4) pretrial conference and trial dates. **Going issue-by-issue**, the joint letter shall describe each unresolved issue, summarize each party's position with appropriate legal authority, and **provide each party's final proposed compromise** before moving to the next issue. The joint letter shall not exceed **five** pages (12-point font or greater; margins no less than one inch) without leave of court. **Parties are expected to plan for and cooperate in preparing the joint letter so that each side has adequate time to address the arguments.** In the rare instance that a joint letter is not possible, each side may submit a letter not to exceed **two** pages, which shall include an explanation of why a joint letter was not possible. The parties shall submit one exhibit that sets forth each disputed discovery request in full, followed immediately by the objections and/or responses thereto. No other information shall be included in the exhibit. No other exhibits shall be submitted without prior court approval. The court will review the submission(s) and determine whether formal briefing or proceedings are necessary. **Discovery letter briefs must be e-filed under the Civil Events category of Motions and Related Filings > Motions - General > "Discovery Letter Brief".**

13.     The court has found that it is often efficient and beneficial for counsel to appear in person at discovery hearings. This provides the opportunity to engage counsel, where appropriate, in resolving aspects of the discovery dispute while remaining available to rule on disputes that counsel are not able to resolve themselves. **For this reason, the court expects counsel to appear in person.** Permission to attend by telephone may be granted upon advance written request if the court determines that good cause exists to excuse personal attendance, and that personal attendance is not needed in order to have an effective discovery hearing. The facts establishing good cause must be set forth in the request.

14.     If parties believe a **protective order** is necessary, they shall, where practicable, use one of the model stipulated protective orders (available at http://cand.uscourts.gov/model-protective-orders). Parties shall file one of the following with their proposed protective order: (a) a declaration stating that the proposed order is identical to one of the model orders except for the addition of case-identifying information or the elimination of language denoted as optional; (b) a declaration explaining each modification to the model order, along with a redline version comparing the proposed protective order with the model order; or (c) a declaration explaining why use of one of the model orders is not practicable.

15.     If a party withholds responsive information by claiming that it is privileged or otherwise protected from discovery, that party shall produce a **privilege log** as quickly as possible, **but no later than**

3

**fourteen days after its disclosures or discovery responses are due**, unless the parties stipulate to or the Court sets another date. Privilege logs must be sufficiently detailed for the opposing party to assess whether the assertion of privilege is justified. Unless the parties agree to alternative logging methods, the log should include: (a) the title and description of the document, including number of pages or Bates-number range; (b) the subject matter addressed in the document; (c) the identity and position of its author(s); (d) the identity and position of all addressees and recipients; (e) the date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s); and (f) the specific basis for the claim that the document is privileged or protected.

Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Failure to timely furnish a privilege log may be deemed a waiver of the privilege or protection.

## SUMMARY JUDGMENT

16. In most summary judgment motions, the parties should be able to agree on certain undisputed facts. The court encourages the parties to file a joint statement of undisputed facts whenever feasible.

## SELF REPRESENTED (PRO SE) PARTIES

17. Parties representing themselves should visit the Quick Link titled "If You Don't Have a Lawyer" on the Court's homepage, http://cand.uscourts.gov/proselitigants. The link discusses the Court's "Legal Help Center" for unrepresented parties, and provides addresses and contact information for the three branches, which are located in the San Francisco, Oakland and San Jose courthouses.

## LAWYER DEVELOPMENT

18. The court strongly encourages parties to contribute to the development of the bar by permitting less experienced lawyers to argue motions, have a significant participatory role in settlement conferences, and examine witnesses at trial.

IT IS SO ORDERED.

_____
DONNA M. RYU
United States Magistrate Judge

4