Chun-Hui Miao
1014 Greene St.
Columbia, SC 29208
Telephone: (803) 777-2583
E-Mail: miao@moore.sc.edu

*Pro Se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONGXIAO YUE,<br><br>         Plaintiff,<br><br>vs.<br><br>CHUN-HUI MIAO, BIAN-WANG.COM<br><br>         Defendants | Case No.: C18-1074<br><br><br>NOTICE OF *AMENDED* MOTION TO DISMISS, PURSUANT TO FED. R. CIV. P. 12(b)(2), OR IN THE ALTERNATIVE, TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a).<br><br><br>JUDGE: Honorable Donna M. Ryu |

DEFENDANT CHUN-HUI MIAO, Pro Se, respectfully submits this Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), or in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a).

The motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declarations of Chun-Hui Miao, and the files and records herein.

                                                Respectfully submitted,
                                                /s/ Chun-Hui Miao
                                                Bian-wang.com
                                                *Pro Se*

        March 2, 2018
        Columbia, South Carolina

Note: This amended motion corrects typos and missing citations, and rearranges four paragraphs, in the accompanying Memorandum of Points and Authorities.

Chun-Hui Miao
1014 Greene St.
Columbia, SC 29208
Telephone: (803) 777-2583
E-Mail: miao@moore.sc.edu

*Pro Se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| DONGXIAO YUE, | Case No.: C18-1074 |
|---|---|
| Plaintiff, | |
| vs. | |
| CHUN-HUI MIAO, BIAN-WANG.COM | |
| Defendants | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(2); OR IN THE ALTERNATIVE, TO TRANSFER OF VENUE PURSUANT TO 28 U.S.C. §§ 1404**

2

TABLE OF CONTENTS

I.   PROCEDURAL BACKGROUND ...................................................................................4

II.  JURISDICTIONAL FACTS ...........................................................................................4

III. LEGAL STANDARD FOR PERSONAL JURISDICTION ............................................5

    A.    Analysis-Prong One .................................................................................................7

    B.    Analysis-Prong Two ................................................................................................9

    C.    Analysis-Prong Three...............................................................................................9

IV. TRANSFER OF VENUE ...............................................................................................10

CONCLUSION.............................................................................................................................12

Defendants, Chun-Hui Miao ("Miao") and Bian-wang.com ("Bian-wang") (hereinafter collectively "Defendant") file this Memorandum of Points and Authorities, in support of their motion to dismiss for lack of personal jurisdiction (Fed. R. Civ. P. 12(b)(2)), or, in the alternative, to transfer venue (28 U.S.C. § 1404) from this court to the United States District Court for the District of South Carolina, Columbia Division.

## I.   PROCEDURAL BACKGROUND

Plaintiff Dongxiao Yue ("Plaintiff or "Yue") claims that he was attacked in various blog articles and comments posted on the Bian-wang.com website, operated by Miao. Plaintiff asserts three causes of action: (1) Breach of Contract; (2) Tortious Breach of Implied Covenant of Good Faith and Fair Dealing; and (3) Unfair Competition, under California Business & Professional Code § 17200 *et seq.* Each claim is without merit. In addition to various forms of injunctive and declaratory relief, plaintiff seeks restitution on his unfair competition claim and unspecified money damages on his purported contract and tort claims. He also requests exemplary and/or punitive damages, and attorney's fees. Plaintiff initiated this action on December 15, 2017, by filing a Complaint in the California Superior Court for Contra Costa County. Defendant received a copy of the Complaint by personal service at his office in Columbia, South Carolina on January 17, 2018. Defendant removed this action to this Court by Notice of Removal dated February 13, 2018.

## II.   JURISDICTIONAL FACTS

Defendant is, and has been, a resident and domiciliary of South Carolina since August 2005 (Affidavit of Chun-Mui Miao, ¶ 1, dated February 21, 2018, in support of motion to dismiss and/or to transfer venue, hereinafter "Miao Aff."). Miao registered the domain "Bian-wang.com" with Hostlatte.com via the Internet in January 2013 and transferred the domain to

4

Namecheap.com in February 2014.  Both the initial registration and the transfer were undertaken at Miao's residence in South Carolina (Miao Aff. ¶ 2).

Paragraph 28 of the complaint purports to show personal jurisdiction over defendants in California because (a) defendants "engaged in substantial communications with the forum amounting to sufficient minimum contacts . . .; and (b) defendants knew that Plaintiff was located in this judicial district . . . ." Despite these conclusory statements, recent United States Supreme Court and Ninth Circuit authority mandate dismissal for lack of personal jurisdiction.

### III.     LEGAL STANDARD FOR PERSONAL JURISDICTION

A complaint must be dismissed if a court lacks personal jurisdiction over a defendant. Fed. R. Civ. P. 12(b)(2). In California, "[w]hen no federal statute governs personal jurisdiction, the district court applies the law of the forum state." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Plaintiff has filed this lawsuit in California; hence, it is the forum state. "California's long-arm statute is co-extensive with federal standards, so a federal court may exercise personal jurisdiction if doing so comports with federal constitutional due process." *Id.* "'For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Id.* at 1015–16 (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004)). "There are two forms of personal jurisdiction that a forum state may exercise over a nonresident defendant—general jurisdiction and specific jurisdiction." *Id.* at 1016. Miao is a domiciliary of South Carolina, not California. Thus, general personal jurisdiction is unavailable over Miao in California. See *Daimler AG v. Bauman*, 134 S.Ct. 746, 756-759 (2014); *Goodyear Dunlop Tires*

*Operations, S. A. v. Brown*, 564 U.S. 915 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile …").

As for specific jurisdiction, the United States Supreme Court made abundantly clear that a "defendant's suit-related conduct must create a *substantial connection* with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (emphasis added), and that "our 'minimum contact' analysis looks to the defendant's contact with the forum State itself, *not the defendant's contact with persons who reside there*." *Id.* at 1122 (emphasis added, citations omitted).

The Ninth Circuit recently recognized the significance of *Walden* and modified its prior personal jurisdiction test for intentional torts. "Following *Walden*, we now hold that while a theory of individualized targeting may remain relevant to the minimum contacts inquiry, it will not, on its own, support the exercise of specific jurisdiction, absent compliance with what *Walden* requires." *Axiom Foods, Inc. v. Acerchem International, Inc.*, 874 F.3d 1070 (9th Cir. 2017); see also *Picot v. Weston*, 780 F.3d 1206, 1214–15 (9th Cir. 2015).

Courts within the Ninth Circuit "employ a three-prong test to determine whether a party has sufficient minimum contacts to be susceptible to specific personal jurisdiction." *Brayton Purcell LLP v. Recordon & Recordon*, 575 F.3d 981, 985 (9th Cir. 2009). The three prong test is as follows: "(1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable." *Id.*

6

### A. <u>Analysis-Prong One</u>

Prong one of the personal jurisdiction analysis asks whether the "non-resident defendant . . . purposefully direct[ed] his activities or consummate[d] some transaction with the forum or resident thereof; or perform[ed] some act by which he purposefully avail[ed] himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." *Recordon & Recordon*, 575 F.3d at 985. In this case, the non-resident defendant is Miao. The question is whether prong one is met.

As it relates to Miao and the creation of Bian-wang, all facts plead point to conduct in South Carolina. (Complaint ¶ 5; Miao Aff ¶¶1–2). Plaintiff has not pleaded facts showing that Defendant has affirmatively acted in any manner that would connect him to California sufficient to satisfy the requirements of prong one. Consequently, as a matter of law, this Court does not have personal jurisdiction over Defendant. This is especially true in view of *Walden*, *Picot,* and *Axiom Foods* – i.e., "a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Walden v. Fiore*, 134 S. Ct. at 1122 (2014).

It is well settled that posting on a website does not create the substantial connection to a forum state necessary for specific personal jurisdiction. *Johnson v. Arden*, 614 F.3d 785, 796 (8th Cir. 2010).[*] In *Rosenberg v. M & T Bank*, 2017 WL 3167343, *5+, (1st Dist.,

---

[*] The Communications Decency Act of 1996, 47 U.S.C. § 230,

The CDA immunizes providers of interactive computer services against liability arising from content created by third parties. Section 230(c)(1) provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content

7

July 26, 2017), the court held that "jurisdiction over a defendant is not proper simply because it maintained a Web site that was widely accessible in all jurisdictions. (*Ibid*.) The court stated that " ' "a person's act of placing information on the Internet" is not sufficient by itself to "subject that person to personal jurisdiction in each State in which the information is accessed." [Citation.] Otherwise, a "person placing information on the Internet would be subject to personal jurisdiction in every State," and the traditional due process principles governing a State's

> provider." Although § 230(c)(1) does not explicitly mention immunity or a synonym thereof, this and other circuits have recognized the provision to protect internet service providers for the display of content created by someone else. *Seaton v. TripAdvisor LLC*, 728 F.3d 592, 599 n. 8 (6th Cir.2013) (recognizing *407 that § 230(c)(1) provides immunity); *see also Almeida v. Amazon.com, Inc.*, 456 F.3d 1316, 1321 (11th Cir.2006) ("<u>The majority of federal circuits have interpreted the CDA to establish broad federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service</u>.") (internal citations, quotations omitted and emphasis added); *accord Johnson v. Arden*, 614 F.3d 785, 791 (8th Cir.2010); *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir.2008); *Chicago Lawyers' Comm. for Civil Rights Under Law, Inc. v. Craigslist, Inc.*, 519 F.3d 666, 671 (7th Cir.2008); *Universal Commc'n Sys., Inc. v. Lycos, Inc.*, 478 F.3d 413, 418–19 (1st Cir.2007); *Batzel v. Smith*, 333 F.3d 1018, 1026–30 (9th Cir.2003); *Green v. Am. Online (AOL)*, 318 F.3d 465, 471 (3d Cir.2003); *Ben Ezra, Weinstein, & Co., Inc. v. AOL*, 206 F.3d 980, 984–85 (10th Cir.2000); *Zeran v. AOL*, 129 F.3d 327, 328 (4th Cir.1997). Furthermore, § 230(e)(3) provides that "<u>[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section</u>." 47 U.S.C. § 230(e)(3).

*Jones v. Dirty World Entm't Recordings LLC*, 755 F.3d 398, 406–07 (6th Cir. 2014) (emphasis added). "The term 'interactive computer service' means any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institution." 47 U.S.C. § 230(f)(2). These providers include broadband providers, hosting companies, and website operators like Defendants here. *Jones*, 755 F.3d at 406. Consequently, the Court can dismiss Plaintiff's claim under Fed.R.Civ.P. 12(b)(6) for failure to state a claim on which relief can be granted.

jurisdiction over persons outside of its borders would be subverted. [Citations.]' " (*Ibid*.) Thus, postings that are accessible by anyone who is interested in them, and are not specifically directed at the forum state, do not support exercising jurisdiction over the defendant. (*Ibid*.; see also *Viaview, supra*, 1 Cal.App.5th at p. 218.)" *Id*. at 5.

In an unreported case, the Ninth Circuit also clearly stated that uses of email, ordinary mail, telephone or other communication choices do not qualify as purposeful activities invoking forum state benefits and protection. *Joseph Saveri Law Firm, Inc. v. Criden*, 696 Fed.Appx. 189, 191 (2017).

### B. **Analysis-Prong Two**

Prong two provides that the plaintiff's "claim must be one which arises out of or relates to the defendant's forum-related activities." *Recordon & Recordon*, 575 F.3d at 985. The pleadings reveal that Plaintiff's claims based on Internet posting do not "arise[] out of or relate[] to the defendant's forum-related activities." *Id.* All the facts plead by Plaintiff point to conduct primarily in South Carolina and on the Internet.

### C. **Analysis Prong-Three**

Prong three asks the Court whether "the exercise of jurisdiction . . . comport[s] with fair play and substantial justice, i.e., [is] it . . . reasonable." *Recordon & Recordon*, 575 F.3d at 985. "Jurisdiction may be exercised reasonably if under the totality of the circumstances the defendant could reasonably anticipate being called upon to present a defense in a distant forum." *Fed. Deposit Ins. Co. v. British-America Ins. Co.*, 828 F.2d 1439, 1442 (9th Cir. 1987) (internal quotation and citation omitted).

Since Defendant has not developed a substantial connection to California by merely maintaining a website for posting blog articles and comments by third-parties, the Court

does not need to engage in an analysis of prong three to reach the correct result that it lacks minimum contacts over Defendant. It is the Plaintiff's burden to prove prongs one and two, *Boschetto*, 539 F.3d at 1016, and based on his pleadings, he cannot meet his burden. Nevertheless, prong three analysis strongly supports Defendant's position that personal jurisdiction in California does not comport with "fair play and substantial justice".

The Ninth Circuit espouses a 7-factor inquiry to analyze the prong three reasonableness inquiry: (1) The extent of purposeful interjection into the forum state; (2) The burden on the defendant of defending in the forum; (3) The extent of conflict with the sovereignty of defendant's state; (4) The forum state's interest in adjudicating the dispute; (5) The most efficient judicial resolution of the controversy; (6) The importance of the forum to plaintiff's interest in convenient and effective relief; (7) The existence of an alternative forum. *Fed. Deposit Ins. Co. v. British-America Ins. Co.*, 828 F.2d 1442 (9th Cir. 1987).

The Ninth Circuit factors militate against Plaintiff – i.e., there was no purposeful direction to California by Defendant, the burden on Defendant, a resident of South Carolina, acting Pro Se is substantial, California's interest is minimal, and substantive law protects websites from liability for third-party postings.

Consequently, analysis of the prong three fairness factors reveals that it would not be reasonable for this Court to exercise personal jurisdiction over Defendant. Accordingly, the Court must dismiss this matter for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2).

### IV.   TRANSFER VENUE

This case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2). If the court is not inclined to dismiss the case, then Defendant respectfully requests that, the matter be transferred to the United States District Court for the District of South Carolina, Columbia

Division. Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This action might have been brought in the District Court of South Carolina.

In *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000), the court articulated various factors that a district court should consider when analyzing a motion to transfer venue: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *Id.*

An analysis of the 8-factors set forth by the *GNC* court overwhelmingly reveals that South Carolina is both a proper forum and a more appropriate alternative forum to California.

1. <u>Location where the relevant agreements were negotiated and executed:</u>

There were no agreements between the parties. To the extent there were rules governing the website, they were derived in South Carolina.

2. <u>The respective parties' contacts with the forum:</u>

As noted above, Defendant is located in South Carolina and does not have sufficient contacts with California to permit assertion of specific personal jurisdiction.

3. <u>The contacts relating to the plaintiff's cause of action in the chosen forum:</u>

As discussed in details above, with respect to Plaintiff's alleged claims, Defendant does not have any contacts with California.

11

4. <u>The differences in the costs of litigation in the two forums:</u>

Defendant is from South Carolina. The difference in costs attendant to litigating in California or South Carolina are likely substantial. In fact, the costs will be much lower for both parties to litigate in South Carolina.

5. <u>The ease of access to sources of proof:</u>

Plaintiff alleges that he is in possession of sources of proof—evidence—that will support his claim. Thus, whether he litigates in California or South Carolina, the access to his proof will be the same.

From a review of the *GNC* factors, it is clear that South Carolina is the proper forum for Plaintiff to bring his lawsuit. Pursuant to 28 U.S.C. § 1404 and *GNC*, Defendant respectfully requests that this lawsuit be transferred to the United States District Court for the District of South Carolina, Columbia Division.

## CONCLUSION

Plaintiff's decision to file this lawsuit in California was misguided. It would not be reasonable for the Court to exercise personal jurisdiction over Defendant. Accordingly, this Court should dismiss this lawsuit pursuant to Fed. R. Civ. P. 12(b)(2).

In the alternative, the Court should transfer venue to the United States District Court for the District Court of South Carolina, Columbia Division. Section 1404 and the case law from this Circuit provide the Court with a clear basis to transfer venue in this matter. The factors to analyze weigh heavily toward a finding that litigating this case in South Carolina would be more "convenien[t]" to the parties and would advance the "interest of justice." 28 U.S.C. § 1404. If the Court declines to dismiss this case for lack of personal jurisdiction, it should transfer this case to the United Stated District Court for the District of South Carolina.

Respectfully submitted,
/s/ Chun-Hui Miao
Bian-wang.com

1014 Greene St.
Columbia, SC 29208
Telephone: (803) 777-2583
E-Mail: miao@moore.sc.edu

*Pro Se*

March 2, 2018
Columbia, South Carolina

Cc: DONGXIAO YUE

13