DONGXIAO YUE
111 Deerwood Rd
Suite 200
San Ramon, CA 94583
Telephone:    (510) 396-0012
Facsimile:    (510) 291-2237
E-Mail:       ydx@yuedongxiao.com

SELF-REPRESENTED
(CA SBN# 319955)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONGXIAO YUE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CHUN-HUI MIAO, et al.,<br><br>　　　　　Defendants. | Case No.  C18-1074-DMR<br><br>**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO REMAND TO STATE COURT**<br><br>(28 U.S.C. § 1447(c))<br><br>Hearing Date: May 10, 2018<br>Time:    11:00 AM<br>Courtroom: 4, 3rd Floor<br><br>Judge: The Honorable Donna M. Ryu |

1

Case No. .  C18-1074-DMR

None of Defendants' factual contentions in their opposition was supported by a sown declaration, in non-compliance with Civil Local Rule 7-5. Plaintiff requests that the Court disregard any such unsupported factual contentions. Plaintiff will respond to Defendants' legal contentions below.

### I.     The Court Record Shows that Defendant's Removal Was Untimely

"[A]n application is `properly filed` when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

Civil Local Rule 1-5(e) defined "File" as follows.

> "File" means delivery to and acceptance by the Clerk of a document, including an electronic document, which is approved for filing and which will be included in the official files of the Court and noted in the docket of the case. Under urgent circumstances and for good cause shown, Judges may accept documents for filing.

Under this definition, mere delivery by mail of a document to the Clerk is insufficient for filing. The document must also be "accepted" and "approved for filing".

Defendants claimed that their Notice of Removal was delivered to the mailbox of the Clerk's office on March 15, 2018.  Even assuming this was true, Defendants failed to show (1) what documents were delivered, (2) whether the documents were approved for filing that day.

Docket item 1-2 shows the coversheet was faxed from 1-877-233-3839 on February 20, 2018. It also shows that the filing fee was paid on February 20, 2018 with a credit card. The cover sheet and filing fee were required for filing. Consistently, the docket entry shows dates "(Filed on

2

2/20/2018) (Entered: 02/21/2018)". It is evident that the Notice of Removal was not "filed" until February 20, 2018, after the expiration of the mandatory 30-day period for removal. The case should be remanded.

### 2. Defendants Reliance on Precedents Involving Amended Complaints is Misplaced

Defendants characterized Plaintiff's only complaint filed in the state court as "the initial complaint", then turned to various class action cases which involved amended complaints for support. Both *Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d 1121 (9th Cir. 2013) (removal based on amended class action complaint) and *Kuxhausen v. BMW Fin. Servs.*, 707 F.3d 1136, 1140-41 (9th Cir. 2013) (removal based on amended class action complaint) involved amended complaints which became removable. Both cases are inapposite here because there is no amended complaint in this case.

Defendants' reliance on the *Rea v. Michaels Stores Inc.*, 742 F.3d 1234 (9th Cir. 2014) is equally misplaced. In that class action, the district court remanded the case on the ground that the amount-in-controversy requirement was not satisfied due to an asserted damages waiver. After the U.S. Supreme Court held in *Standard Fire Insurance Co. v. Knowles* that such damages waivers are ineffective, the defendant removed again. Thus, *Rea v. Michaels Stores Inc.* involved a situation where the change of law made a complaint removable.

There is neither an amended complaint nor a change of law (or other situation) in this case. Defendants are taking ***inconsistent*** positions regarding the removability of the case. In their Notice of Removal, Defendants argued the amount of controversy requirement purely based on comparisons with a 2004 and a 2007 case, both more than 10 years old. See, Notice of Removal at

3

Case No. .  C18-1074-DMR

¶10. Now they contend that plaintiff's complaint "did not reveal from its face that this matter was removable". (Opposition at p.9:23-24.)

In other words, to oppose the Plaintiff's motion to remand based on untimeliness, Defendants now admit that the two 10-year old cases they cited/quoted in their Notice of Removal were insufficient to demonstrate the amount of controversy requirement, they needed more support. Since they admit that their Notice of Removal was defective, the case should be remanded.

## CONCLUSION

Plaintiff respectfully requests that the Court remand the case to the Superior Court of California.

Respectfully submitted.

Dated: March 22, 2018

_____/S/_____
DONGXIAO YUE

4

Case No. .  C18-1074-DMR