UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONGXIAO YUE,<br>　　　　Plaintiff,<br>　　v.<br>CHUN-HUI MIAO, et al.,<br>　　　　Defendants. | Case No. 18-cv-01074-DMR<br><br>**ORDER REMANDING CASE TO STATE COURT**<br>Re: Dkt. Nos. 12, 15 |

Pro se Plaintiff Dongxiao Yue filed this lawsuit against Defendants Chun-Hui Miao and Bian-Wang.com on December 15, 2017 in Superior Court of California, County of Contra Costa. Miao and Bian-Wang.com subsequently removed the case to this court pursuant to 28 U.S.C. § 1441. [Docket No. 1 (Notice of Removal).] Yue now moves to remand the case to state court. [Docket No. 15 (Mot. to Remand).] Miao and Bian-Wang.com move pursuant to Federal Rule of Procedure 12(b)(2) to dismiss the complaint for lack of personal jurisdiction, or in the alternative, pursuant to 28 U.S.C. § 1404(a) to transfer venue. [Docket No. 12 (Mot. to Dismiss).]

Having reviewed the complaint, notice of removal, and the parties' motions, the court finds that this matter is appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b). The May 10, 2018 hearing is VACATED. The court concludes that it presently lacks subject matter over this action and sua sponte remands the case to Contra Costa County Superior Court. The motions to remand and to dismiss are denied as moot.

## I.　BACKGROUND

This is an action stemming from a dispute over blog postings and comments posted on a website operated by Defendant Miao. Plaintiff Yue is an individual residing in Contra Costa County. Compl. ¶ 1. Miao is an associate professor at the University of South Carolina. In

January 2013, Miao created the website Bian-Wang.com.[1]  *Id.* at ¶ 5.  Yue is a registered user of the site.  *Id.* at ¶ 8.  Yue alleges that he has been the subject of a "defamation campaign" conducted on many websites, including Bian-Wang.com, and has filed at least two complaints in California state courts alleging defamation.  *Id.* at ¶¶ 9, 11, 21.  He alleges that Miao has "actively participated in" and encouraged the attacks against Yue, and that Miao has refused to enforce Bian-Wang.com's rules regarding abusive postings.  *Id.* at ¶¶ 12, 20, 24-27.

Yue filed the complaint in state court on December 15, 2017, alleging three claims for relief: 1) breach of contract; 2) breach of the implied covenant of good faith and fair dealing; and 3) unfair competition in violation of California Business and Professions Code section 17200 et seq.  Compl.  Yue seeks damages, exemplary and/or punitive damages, restitution, injunctive relief, attorneys' fees, and costs.  The complaint does not plead a specific amount of damages.  *See* Prayer for Relief.

Yue served Miao with the summons and complaint on January 17, 2018.  [Docket No. 15-1 (Affidavit of Service).]  Miao removed the case to this court asserting diversity of citizenship under 28 U.S.C. § 1332.  Notice of Removal ¶¶ 5-8.  The notice of removal was filed on February 20, 2018.  *See id.*  In the notice of removal, Miao asserts that removal is proper because the requirements of diversity jurisdiction are satisfied.  He states that Yue alleges that he "is an individual residing in Contra Costa County" and is thus a citizen of California, and states that Miao is a citizen of South Carolina.  *Id.* at ¶¶ 6-7 (citing Compl. ¶ 2).  While noting that the complaint does not specify the amount of damages requested, Miao asserts that the "the jurisdictional amount is plainly satisfied by the extensive damages sought in the complaint," noting that Yue "seeks substantial contract and tort damages on his first two claims, and restitution on his third claim," as well as "exemplary and/or punitive damages."  Notice of Removal ¶¶ 6-10.

---

[1] The complaint alleges that Miao created Bian-Wang.com in January 2017, but this appears to be a typographical error as Yue also alleges that Miao published "website rules" for his website in October 2013.  *See* Compl. ¶¶ 5, 7.

In response to an Order to Show Cause, Miao submitted a declaration in which he states that Bian-Wang.com "is a sole proprietorship that has no separate legal identity from" Miao, and that "[a] judgment against Bian-Wang.com will be a judgment against . . . Miao himself."  [Docket No. 26.]  Where appropriate, the court refers to Miao and Bian-Wang.com together as "Miao."

2

According to Miao, "it is more likely than not that [Yue] is seeking in excess of $75,000, exclusive of interest and costs." *Id*. at ¶ 10.

Yue now moves to remand the case to state court on the ground that the removal was untimely under 28 U.S.C. § 1446(b), which generally requires a party to remove a case within 30 days after receiving the complaint. Miao moves to dismiss the complaint for lack of personal jurisdiction. In the alternative, he moves to transfer the case to the United States District Court for the District of South Carolina.

## II. DISCUSSION

### A. Legal Standard

A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441(a). If at any time before judgment it appears that the district court lacks subject matter jurisdiction over a case previously removed from state court, the case must be remanded. 28 U.S.C. § 1447(c); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. "The 'strong' presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*.

### B. Analysis

Miao removed the case to this court, relying on diversity as the basis for federal subject matter jurisdiction. District courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizen of a State or of different States." 28 U.S.C. § 1332(a). The court concludes that Miao has failed to show that the requirements of section 1332(a) are satisfied here; specifically, he has failed to show that the

3

matter in controversy exceeds $75,000 and has failed to show complete diversity between the parties.

The amount in controversy is "an estimate of the total amount in dispute, not a prospective assessment" of a defendant's liability. *Lewis v. Verizon Comms., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Where the complaint does not specify the amount in controversy and it is unclear whether the plaintiff is seeking more than the jurisdictional minimum, "the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

Here, Yue's complaint does not request any discrete sum. Accordingly, it is Miao's burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004) (citing *Matheson v. Progressive Specialty Ins. Co*., 319 F.3d 1089, 1091 (9th Cir. 2003)). Miao has offered no facts to support the existence of the jurisdictional minimum, stating only that Yue seeks "substantial contract and tort damages on his first two claims, and restitution on his third claim," as well as "exemplary and/or punitive damages." Notice of Removal ¶ 10. Therefore, according to Miao, "the jurisdictional amount is plainly satisfied by the extensive damages sought in the complaint." *Id*. at ¶ 8. This conclusory argument "neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [Miao's] burden of setting forth, in the removal petition itself, the *underlying facts* supporting [his] assertion that the amount in controversy exceeds [$75,000]." *See Gaus*, 980 F.2d at 567 (emphasis in original).

Additionally, when federal subject matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing parties. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). The notice of removal states that Miao is a citizen of South Carolina. Notice of Removal ¶ 7. Citing Yue's allegation that he "is an individual residing in Contra Costa County," *id*. at ¶ 6 (citing Compl. ¶ 2), the notice of removal then asserts that "[a]s a domiciliary of California, [Yue] is a citizen of

California." Notice of Removal ¶ 6. However, the complaint alleges only that Yue resides in California; it does not allege that he is "domiciled" there. For the purpose of assessing diversity, the concepts of "residency" and "domicile" are not interchangeable. "[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. To be a citizen of a state, a natural person must first be a citizen of the United States." *Kanter*, 265 F.3d at 857 (citation omitted). "The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id*. (citation omitted). Importantly, "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id*.

In this case, the complaint contains no allegations regarding Yue's state citizenship or domicile. Further, the notice of removal contains no facts to support Miao's assertion that Yue is domiciled in California. This is insufficient to invoke this court's diversity jurisdiction. *See Harris v. Bankers Life & Cas. Co*., 425 F.3d 689, 695-96 (9th Cir. 2005) (allegations of residence alone insufficient to establish diversity jurisdiction); *Kanter*, 265 F.3d at 858-59 (removing party's "failure to specify Plaintiffs' state citizenship was fatal to Defendants' assertion of diversity jurisdiction.").

For the foregoing reasons, Miao has failed to satisfy his burden of showing that diversity jurisdiction exists over this action. *See Gaus*, 980 F.2d at 566. Accordingly, remand is proper.

## III.  CONCLUSION

This matter is remanded to Contra Costa Superior Court for lack of subject matter jurisdiction. Yue's motion to remand and Miao's motion to dismiss are denied as moot, as is Miao's motion for leave to file a declaration in support of his opposition to the motion to remand (Docket No. 29).

**IT IS SO ORDERED.**

Dated: May 3, 2018

_____
Donna M. Ryu
United States Magistrate Judge